UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE C. WOODS, JR.,

                         Plaintiff,

          v.                                          Case No. 20-cv-1118-pp

CITY OF MILWAUKEE, STATE OF WISCONSIN,
JACOB D. CORR, and HANNA RITCHIE KOLBERG,

                         Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING
COMPLAINT UNDER 28 U.S.C. §1915A**

          Lawrence C. Woods, Jr., an inmate at the Milwaukee County Jail who is
representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the
defendants violated his Fourth Amendment right to a prompt determination of
probable cause to detain him. Dkt. No. 1. This decision resolves the plaintiff's
motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and
screens the complaint, dkt. no. 1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee
          (Dkt. No. 2)**

          The Prison Litigation Reform Act (PLRA) applies to this case because the
plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h).
The PLRA allows the court to give a prisoner plaintiff the ability to proceed with
his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When
funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C.

1

§1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On July 22, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $6.02. Dkt. No. 5. The court received that fee on September 11, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the balance of the filing fee over time in the manner explained at the end of this order.

## II.    Screening the Complaint

### A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face."

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff has sued the City of Milwaukee, Assistant Attorney General Jacob D. Corr and Assistant City Attorney Hanna R. Kolberg. Dkt. No. 1 at 1. Although he did not list the State of Wisconsin as a defendant on the first page of his complaint, in his request for relief he asks the court to order injunctive relief against the state, id. at 4, so the court assumes that he also meant to sue the state.

The plaintiff alleges that he is a pretrial detainee at the Milwaukee County Jail, awaiting trial in Case No. 2019CF00411. Dkt. No. 1 at 2. He

3

alleges that on January 24, 2019, a Wauwatosa police officer Martin Keck (not a defendant) arrested him without an arrest warrant and booked him into the Milwaukee County Jail. Id. The plaintiff says that "[t]he state's prosecution permitted a 5 day delay between the time of arrest (January 24, 2019) and the plaintiff's initial appearance (January 29, 2019)." Id. The plaintiff asserts that "[t]he failure to comply with the 48 hour promptness requirement rule for judicial determination violated [his] 4th Amendment Right under the United States Constitution." Id. He contends that "the state's prosecution on this case does not take the 48 hour promptness requirement serious," which is why "the rule was disregarded and the state government went ahead with bre[a]ching [his] civil rights." Id. at 2–3. The plaintiff claims that the "unlawful duration of [his] confinement" caused him emotional distress, anxiety and mental instability, and says he suffered rapid weight loss, suicidal thoughts, depression and insomnia. Id. at 3. The plaintiff says he has reported most of this to mental and healthcare providers at the jail. Id.

The plaintiff seeks compensatory damages. Dkt. No. 1 at 4. He also asks the court to order the City of Milwaukee and the State of Wisconsin to "implement and influence staunch obedience to the 48 hour promptness requirement." Id.

C.    Analysis

The Supreme Court has held that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of [Gerstein v. Pugh, 420 U.S.

103, 125 (1975)].” <u>Cty. of Riverside v. McLaughlin</u>, 500 U.S. 44, 56 (1991). The plaintiff alleges that the “state’s prosecution” allowed a five-day delay between the date of his allegedly warrantless arrest and the date of his initial appearance—three days longer than the forty-eight hours the Supreme Court found to be “prompt.” This allegation is enough, at the screening stage, to allow the plaintiff to proceed on an allegation that someone violated his Fourth Amendment rights.

But the complaint does not say who was responsible for the alleged Fourth Amendment violation. The plaintiff alleges only that the “state’s prosecution permitted” the five-day delay. The plaintiff states that a Wauwatosa police officer arrested him and booked him into the Milwaukee County Jail. He has not named that officer as a defendant. He has sued the *City* of Milwaukee, even though he is incarcerated at the Milwaukee *County* Jail, which is an arm of the Milwaukee *County* Sheriff’s Department and part of Milwaukee *County*. He has made no allegations against the City of Milwaukee.

The plaintiff also has named “Assistant Attorney General Jacob D. Corr.” He does not mention Corr in the body of the complaint or explain how Corr was involved in the alleged delay of his probable cause hearing. According to the online docket in the plaintiff’s pending state criminal case, Assistant District Attorney Jacob Daniel Corr is the assigned prosecutor. <u>State of Wisconsin v. Lawrence Curtis Woods, Jr.</u>, Case Number 2019CF000411 (Milwaukee County) (available at https://wcca.wicourts.gov/). But that does not necessarily mean that ADA Corr is responsible for the alleged delay in scheduling the probable

cause hearing. In fact, the docket shows that a different assistant district attorney appeared at the plaintiff's initial appearance on January 29, 2019. Id.

The plaintiff also sued Assistant *City* Attorney Hanna R. Kolberg. Again, the plaintiff's allegations do not implicate the *City* of Milwaukee and the plaintiff does not mention Attorney Kolberg in the body of the complaint or say what she did to allegedly violate his constitutional rights.

Because he has not described how Corr and Kolberg were involved in the alleged violation of his Fourth Amendment rights, the plaintiff fails to state a claim against them.[1]

As the court noted, it assumes the plaintiff meant to sue the State of Wisconsin. Section 1983 of Title 42—the law that allows a plaintiff to sue state actors for violating his civil rights—prohibits "persons" acting under color of state law from violating another person's constitutional rights. A state is not a "person" under 42 U.S.C. §1983. Perhaps more to the point, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (quoting Employees v. Missouri Pub. Health & Welfare Dept., 411 U.S. 279, 294 (1973)). Even if the plaintiff had explained how the State of Wisconsin is responsible for the alleged violation of

---

[1] Assuming for the sake of this order that both Corr and Kohlberg are assistant district attorneys for Milwaukee County, the court notes that prosecuting attorneys are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976); Davis v. Zirkelbach, 149 F.3d 614, 617 (7th Cir. 1998).

6

his rights, he could not proceed against the state in federal court because it is immune from such a suit under the Eleventh Amendment.

For these reasons, the current complaint does not state a claim for which this court can grant relief, because even if someone violated the plaintiff's Fourth Amendment rights, the plaintiff doesn't give the court enough information to know who that someone was. Because it is possible the plaintiff may have a claim against *someone*, the court will give him an opportunity to amend the complaint to provide additional information about the defendant(s) who were responsible for violating his rights.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a blank copy of its complaint form and instructions. The plaintiff must write the word "Amended" at the top of the first page of the form, in front of the word "Complaint." He must put the case number for this case—20-cv-1118—in the space provided for the case number on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to

explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to two additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court back to his original complaint, rather than repeating in the amended complaint any of the facts from the original complaint that are necessary to his claims. The plaintiff must put all the information about all the defendants he wants to sue in the amended complaint.

If the plaintiff files the amended complaint in time for the court to receive it by the deadline the court sets below, the court will review it to determine whether he has stated a claim against any of the defendants. If the court does not receive the amended complaint by the deadline below, the court will dismiss the case on the next business day without further notice or hearing and will assess a strike against the plaintiff under 28 U.S.C. §1915(g). If the plaintiff reads this order and decides that he does not want to continue with the lawsuit, he can avoid incurring a strike by notifying the court in writing, before the deadline, that he wants to voluntarily dismiss the case.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **December 11, 2020**. If the court receives the amended complaint by the end of the day on December 11, 2020, the court will screen it. If the court does not receive an amended complaint, or a request for voluntary dismissal, by the end of the day on December 11, 2020, the court will dismiss the case based on the plaintiff's failure to state a claim and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$333.98** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Milwaukee County Sheriff Earnell R. Lucas, 21 W. State Street, Room 107, Milwaukee, WI 53233, and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

The court includes with this order a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated in Milwaukee, Wisconsin this 2nd day of November, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**