UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE C. WOODS, JR.,

      Plaintiff,

v.                          Case No. 20-cv-1118-pp

MILWAUKEE COUNTY DISTRICT ATTORNEY'S OFFICE,
ASSISTANT DISTRICT ATTORNEY THOMAS POTTER,
ASSISTANT DISTRICT ATTORNEY JACOB DANIEL CORR,
WAUWATOSA POLICE DEPARTMENT,
DETECTIVE MARTIN N. KECK,
WAUWATOSA OFFICE OF THE CITY ATTORNEY and
ASSISTANT CITY ATTORNEY HANNA RITCHIE KALBERG,

      Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A (DKT. NO. 10) AND DISMISSING CASE**

---

Plaintiff Lawrence C. Woods, Jr., an inmate at the Milwaukee County Jail, is representing himself in this 42 U.S.C. §1983 case. On November 2, 2020, the court screened his original complaint (dkt. no. 1), dismissed it because it failed to state a claim and allowed the plaintiff to file an amended complaint by December 11, 2020. Dkt. No. 9. On November 18, 2020, the court received the plaintiff's amended complaint. Dkt. No. 10.

**I. Screening the Amended Complaint**

 A. <u>Federal Screening Standard</u>

As explained in the court's November 2, 2020 order, the court screens complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court

1

must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by

plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

   B.   The Plaintiff's Allegations

The plaintiff initially sued the City of Milwaukee, Jacob D. Corr (whom he identified as an Assistant Attorney General) and Assistant City Attorney Hanna R. Kolberg. Dkt. No. 9 at 3 (referencing Dkt. No. 1). Although he didn't name the State of Wisconsin as a defendant, the court assumed he meant to sue the state because he asked for injunctive relief against it. Id.

The amended complaint—which takes the place of the original complaint—does not name the City of Milwaukee or the State of Wisconsin. Dkt. No. 10 at 1. It names Jacob Corr, but this time identifies him as an Assistant District Attorney. Id. at 1, 2. It names Kolberg, identifying her as an Assistant City Attorney for the Wauwatosa Office of the City Attorney. Id. The amended complaint also names the Milwaukee County District Attorney's Office, Assistant District Attorney Thomas Potter, the Wauwatosa Police Department, Detective Martin N. Keck (of the Wauwatosa Police Department) and the Wauwatosa Office of the City Attorney. Id.

The plaintiff reiterates in the amended complaint many of the allegations from his initial complaint: He alleges that on January 24, 2019, Detective Keck arrested him at his mother's house without a warrant. Id. at 3. The plaintiff alleges that during the arrest, Detective Keck seized the plaintiff's "designer bookbag," which contained $5,000 cash. Id. He alleges that the bookbag and

3

cash were not listed on the search warrant that was obtained for the house and that they had no connection to any illegal activity. Id. The plaintiff says that he was booked into the Milwaukee County Jail but did not appear in court for his initial appearance until five days later, on January 29, 2019. Id. He alleges that Assistant District Attorney Potter appeared at the plaintiff's initial appearance and that Assistant District Attorney Corr appears to have taken over the case. Id. at 3–4. He alleges that one or both of those attorneys is responsible for the five-day delay. Id. The plaintiff alleges that the "unlawful duration of [his] confinement as a pretrial detainee" caused him emotional distress, anxiety, sleep deprivation, suicidal thoughts and deep depression. Id. at 4. He reported those symptoms to health care providers at the jail. Id. The plaintiff states that on October 19, 2020, because "of all the pressure," he accepted a plea deal in his state court criminal case (Milwaukee County Case No. 2019CF00411). Id.

The plaintiff alleges that Detective Keck wrongfully seized his property (the bookbag and $5,000 cash) and that the Wauwatosa Police Department and Assistant City Attorney Kolberg provided active assistance in withholding that property. Id. at 4. He states that he filed a petition for the return of his property, to which Kolberg objected.[1] Id. The plaintiff asserts that the

---

[1] The electronic docket from the plaintiff's criminal case shows that he filed the petition on September 30, 2019. See https://wcca.wicourts.gov/ (Milwaukee County Case No. 2019CF00411). The state court stayed resolution of the petition "pending resolution of open cases." Id. The plaintiff has another open case in Milwaukee County, Case No. 2020CF001159. According to the electronic docket in that case, the final pre-trial conference is scheduled for February 16, 2021, with a jury trial scheduled for March 15, 2021. See https://wcca.wicourts.gov/ (Milwaukee County Case No. 2020CF001159).

4

Wauwatosa Police Department cannot hold his property in an attempt "to compel the possessor to prove lawful possession." Id. at 4. He states that he told Detective Keck the backpack was behind a bed headboard in a partitioned-off area of the basement and "requested that he grab it for me so that I could have it travel with my person perhaps to self bail." Id. at 5. The plaintiff says that Keck instead decided to seize it, "even though this money was contained by itself and stood alone, separate from any illicit material." Id. The plaintiff alleges that Detective Keck's seizure of his backpack and the cash inside, without Assistant District Attorney Corr or Assistant City Attorney Kolberg bringing a timely forfeiture action, violates his rights under the Due Process and Privileges or Immunities Clauses of the Fourteenth Amendment. Id. He states that not having the $5,000 cash kept him from being able to make bail, hire an attorney or purchase necessities at the jail. Id.

The plaintiff asks the court to order Milwaukee County to pay compensatory damages and court costs, release him and dismiss his state criminal case. Id. at 6. He asks the court to order the Milwaukee County District Attorney's Office to "obey and influence staunch obedience to the 48 hour promptness requirement in Milwaukee County and throughout the State of Wisconsin." Id. He also seeks the return of his property (the backpack and $5,000 cash) from the Wauwatosa Police Department. Id.

    C.    Analysis

The plaintiff has sued the Milwaukee County District Attorney's Office, the Wauwatosa Office of the City Attorney and the Wauwatosa Police

5

Department. None of these entities is a "person" subject to suit under §1983. See Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 678–79 (E.D. Wis. 1999). The plaintiff may not proceed in this suit against these defendants.

Although he has not named them as defendants, Milwaukee County and the City of Wauwatosa are local government units that may qualify as a "person" subject to suit under §1983. See Patterson v. Wauwatosa Police Dep't, 930 F. Supp. 1293, 1295 (E.D. Wis. 1996) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). But a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. 658, 691 (1978) (emphasis in original); see Patterson, 930 F. Supp. at 1295. A municipality may "be held liable under § 1983 only for its own violations of federal law." Los Angeles Cty. v. Humphries, 562 U.S. 29, 36 (2010) (citing Monell, 436 U.S. at 694). To demonstrate municipal liability, a plaintiff "must demonstrate that there was an 'official policy, widespread custom, or action by an official with policy-making authority [that] was the "moving force" behind his constitutional injury.'" Estate of Perry v. Wenzel, 872 F.3d 439, 461 (7th Cir. 2017) (quoting Daniel v. Cook Cty., 833 F.3d 728, 734 (7th Cir. 2016)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" City of St. Louis v. Praprotnik, 485 U.S.

6

112, 138 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479–80 (1986) (emphasis in original)).

The plaintiff has not alleged that he suffered an injury because of an unconstitutional policy or custom of Milwaukee County or the City of Wauwatosa. He alleges unlawful acts by attorneys and a detective who work for the County and City. The amended complaint attempts to impute liability to the County and City based solely on the acts of its employees, which is exactly what he cannot do under §1983. Because the plaintiff has not alleged any misconduct attributable to Milwaukee County or the City of Wauwatosa, the court will dismiss them as defendants, along with the Milwaukee County District Attorney's Office, Wauwatosa Office of the City Attorney and Wauwatosa Police Department.

The plaintiff alleges that Assistant District Attorneys Potter and Corr are responsible for the five-day delay between his arrest and initial appearance. The court found that this was the primary claim in his original complaint. Dkt. No. 9 at 4–5. But as the court explained in its November 2, 2020 order, prosecutors are absolutely immune from suit for their actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." Dkt. No. 9 at 6 n.1 (quoting Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976), and citing Davis v. Zirkelbach, 149 F.3d 614, 617 (7th Cir. 1998)). Absolute immunity applies even if the attorneys, in presenting the State's case, acted "in a manner flawed by grave procedural error." Young v. Rebholz, No. 05-C-118,

7

2005 WL 1560688, at *1 (E.D. Wis. June 30, 2005) (citing John v. Barron, 897 F.2d 1387, 1391 (7th Cir. 1990)). That includes Potter and Corr's appearing in court for the allegedly delayed initial appearance, and all subsequent court appearances, because those court appearances were "directly connected with the conduct of a trial." Van de Kamp v. Goldstein, 555 U.S. 335, 344 (2009). Even if the plaintiff is correct that Potter and Corr were responsible for the delay before his initial appearance, they are immune from suit for those actions. The plaintiff may not proceed against Potter or Corr.

The plaintiff asserts that Assistant City Attorney Kolberg is liable for holding the property seized during his arrest. Absolute immunity extends to prosecutorial actions that are more civil in nature, including filing an injunction, seeking forfeiture of a defendant's property and the seizure of that property subject to forfeiture. Mendenhall v. Goldsmith, 59 F.3d 685, 691 (7th Cir. 1995). In seeking forfeiture of the plaintiff's property, Kolberg "acted pursuant to the authority vested in [her] under [Wisconsin] law, functioning purely in [her] capacity as an advocate for the state." Id. She is immune from suit based on her actions involved with the forfeiture action and any related court proceedings. The plaintiff may not proceed against Kolberg.

The plaintiff sues Detective Keck for seizing his property. The plaintiff cites the Privileges or Immunities Clause of the Fourteenth Amendment as the legal authority for this claim. Dkt. No. 10 at 5. The privileges or immunities provided by that clause have been construed narrowly and involve certain federal rights unrelated to the taking of private property. See Snyder v. Smith,

7 F. Supp. 3d 842, 857 (S.D. Ind. 2014) (citing Murphy v. Mount Carmel High Sch., 543 F.2d 1189, 1192 n.2 (7th Cir. 1976), and Saenz v. Roe, 526 U.S. 489, 502 (1999)). "[T]he privileges or immunities clause does not extend to any facet of the conduct of a local government towards a citizen with respect to the investigation of an alleged crime." Id. at 857–58.

Maybe the plaintiff is trying to allege that by seizing his property, Keck violated the Takings Clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment. See Johnson v. Manitowoc Cty., 635 F.3d 331, 336 (7th Cir. 2011) (citing Kelo v. City of New London, Conn., 545 U.S. 469, 472 n.1 (2005)). But that clause does not apply to property taken "as the result of the government's exercise of its authority pursuant to some power other than the power of eminent domain," including the State's police power. Id. (citing AmeriSource Corp. v. United States, 525 F.3d 1149, 1154 (Fed. Cir. 2008) and Bennis v. Michigan, 516 U.S. 442, 452 (1996)). Because Detective Keck seized the plaintiff's backpack and money incident to execution of a lawful search warrant, the plaintiff has no claim under the Takings Clause.

Nor may the plaintiff raise a claim under the Due Process Clause of the Fourteenth Amendment for the return of his property. Claims for deprivation of property are not actionable under §1983 if adequate state remedies are available to redress the deprivation, even if the property is taken intentionally. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), partially overruled on other grounds by Daniels v. Williams, 474

9

U.S. 327, 330–31 (1986); Mitchell v. Whiteleather, 248 F.3d 1158, at *1 (7th Cir. 2000) (unpublished). The state of Wisconsin "provides several post-deprivation procedures for challenging the taking of property." Cole v. Litscher, 343 F. Supp. 2d 733, 742 (W.D. Wis. 2004) (citing Wis. Const. art. I, §9; Wis. Stat. §§810 and 893). The plaintiff appears to be aware of these remedies because, as noted, he says that he filed a petition for the return of his property. Dkt. No. 10 at 4. The state court delayed resolution of that petition until his open state court cases have concluded, which is not scheduled to occur for several months. Even with the delay, that petition is the plaintiff's available recourse for the return of his property. The plaintiff has not stated a claim based on the taking of his property and may not seek its return through this federal lawsuit.

The plaintiff asks the court to intervene in his state court criminal proceeding and order his release and dismissal of the charges against him. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Courts narrowly construe those three exceptions, and "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" Zurich Am. Ins. Co. v. Superior Court for State of Cal., 326 F.3d 816, 824 (7th Cir. 2003) (quoting Atlantic Coast Line R.R. Co. v. Broth. of

Locomotive Eng'rs., 398 U.S. 281, 297 (1970)). A district court may enjoin a state criminal proceeding only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." Younger v. Harris, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." Id. at 46.

The plaintiff has not alleged any extraordinary circumstances that would permit the court to intervene in the state criminal prosecution. The attorneys he alleges violated his rights are immune from liability in this lawsuit, and his only remedy for the taking of his property lies in state court. If the plaintiff seeks to challenge the fact or duration of his confinement, he must do so in a petition for a writ of *habeas corpus* under 28 U.S.C. §2254[2] and not in a civil lawsuit under §1983. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973)).

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The clerk will enter judgment accordingly.

The Clerk of Court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

---

[2] The court notes that a federal court may not hear and decide a petition under 28 U.S.C. §2254 until a prisoner has exhausted his remedies by presenting his claims at every level in the state court system.

11

The court will email a copy of this order to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. <u>See</u> Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. <u>See</u> Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**